

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-22-00249-CR
No. 02-22-00250-CR
No. 02-22-00251-CR

———————————————————

KEVIN BRIAN MORRIS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court Nos. 1734441D, 1734442D, 1734443D

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

On October 5, 2022, Appellant Kevin Brian Morris pleaded guilty to charges of possession of a controlled substance, attempted unlawful possession of a firearm by a felon, and unauthorized use of a vehicle. Pursuant to these plea agreements, the trial court entered its certifications of defendant's right of appeal in accordance with rule 25.2(a)(2). *See* Tex. R. App. P. 25.2(a)(2). Each certification stated that the case was a plea-bargain case from which Morris has no right of appeal.

On October 12, 2022, Morris filed his pro se notices of appeal for each case. On October 18, 2022, we notified Morris that the certifications filed with this court indicated that he had no right to appeal. We informed Morris that his appeals may be dismissed unless he or any other party desiring to continue the appeals filed with our court, on or before October 28, 2022, a response showing grounds for continuing the appeal. Morris responded that the appeals should continue because (1) the trial court had failed to "assess [him] as [a] long-term Mental Health Patient through MHMR Evaluation for Competency, (2) the trial court had failed to "appoint MHMR Representation of Counsel to [him] despite written request to Trial Court – Ineffective Assistance of Counsel based on MHMR needs," and (3) the State had failed to "reveal essential fingerprint evidence to [him] despite written motions requesting such evidence to be exchanged."[1]

---

[1] After receiving Morris's response, we contacted the trial court clerk, who informed us that the record did not contain a written request for "MHMR

2

Rule 25.2(a)(2) limits a defendant's right to appeal in a plea bargain case to those matters that were raised by written motion filed and ruled on before trial, after obtaining the trial court's permission to appeal, or where expressly authorized by statute. Tex. R. App. P. 25.2(a)(2)(A)–(C). Relatedly, to preserve for appellate review a complaint that he is entitled to a new trial based on newly discovered evidence, the defendant must have raised his complaint in a motion for new trial. *See Pitman v. State*, 372 S.W. 3d 261, 264 n.2 (Tex. App.—Fort Worth 2012, pet. ref'd) (citing *Keeter v. State*, 175 S.W.3d 756, 759–61 (Tex. Crim. App.); *see also* Tex. R. App. P. 33.1(a)(1) (requiring as a prerequisite to presenting complaint for appellate review that there have been a timely complaint made to the trial court); *Nelson v. State*, Nos. 01-17-00746-CR, 01-17-00747-CR, 01-17-00748-CR, 2018 WL 6495171, at *15 (Tex. App.—Houston [1st Dist.] Dec. 11, 2018, pet. ref'd).

The trial court certifications expressly state that Morris does not have any right to appeal, and Morris has not otherwise obtained the trial court's permission to appeal nor pointed to any statute expressly authorizing his appeals. Further, Morris did not preserve his complaints for appellate review through a proper complaint or motion for new trial filed with the trial court.

For these reasons, we dismiss the appeals for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

representation" as stated by Morris in his response. Further, the trial court clerk informed us that Morris did not file a motion for new trial after he pleaded guilty.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  November 23, 2022